UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INA GROUP, LLC,

       Plaintiff,                           Civil Action No.1:21-cv-543

vs.                                         Barrett, J.
                                                  Bowman, M.J.

NATHUBHAI PATEL, et al,

       Defendants.

## REPORT AND RECOMMENDATION

Defendant Denise Harrison filed a pro se Notice of Removal in this Court. Ms. Harrison claims to be a party of interest in the sale of property owned by Plaintiff, Ina Group, LLC that was subject to a foreclosure action in the Hamilton County Court of Common Pleas. By separate Order issued this date, Ms. Harrison has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of Ms. Harrison's Notice of Removal and documents submitted in support of removal to determine whether the Court has jurisdiction over this matter. See 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

For the reasons that follow, this matter should be remanded back to state court. The statute creating diversity of citizenship jurisdiction provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). A defendant can remove an action from state court

1

to federal court if the federal court has original jurisdiction, including diversity of citizenship jurisdiction, over the case. 28 U.S.C. § 1441(a). 28 U.S.C. § 1446(b) generally requires removal within 30 days of service of the initial pleading. Furthermore under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A federal court must resolve any doubt concerning the propriety of removal in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F.Supp.2d 671, 676 (S.D.Ohio 2014). The defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000); see also Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572 (6th Cir.2001) (stating that defendant must prove the amount in controversy for diversity jurisdiction).

Here, Defendant Harrison seeks to remove an ongoing state court foreclosure action. This Court lacks jurisdiction under the removal statutes to consider the state foreclosure matter. *See Bank of Am., NA v. Smith,* No. 1:13CV598, 2013 WL 5521787, at *2 (S.D. Ohio Oct. 3, 2013) (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)). (Plaintiff's foreclosure action was based solely on state law and did not require the resolution of any

"actually disputed substantial" federal issue.) Accordingly, as no basis for federal jurisdiction exists, this court lacks subject matter jurisdiction.

For the foregoing reasons, it is herein **RECOMMENDED** that this matter be **REMANDED** to the Hamilton County, Ohio Court of Common Pleas. It is further **RECOMMENDED** that the Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Defendant Harrison leave to appeal in forma pauperis.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INA GROUP, LLC,

      Plaintiff,                                  Civil Action No.1:21-cv-543

vs.                                               Barrett, J.
                                                      Bowman, M.J.

NATHUBHAI PATEL, et al,

      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).